UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ‖ |
| Plaintiff, | ‖ |
| v. | ‖  CRIM. NO.SA-08-CR-36 FB |
| CHARLES WAYNE CARMONY, | ‖ |
| Defendant. | ‖ |

      The United States of America, by and through the United States Attorney for the Western District of Texas (hereinafter referred to as "the Government"), hereby submits its sentencing position with regard to the sentencing of Charles Wayne Carmony (hereinafter referred to as "Defendant").

      Defendant Charles Wayne Carmony pleaded guilty to Count Two of the Indictment in this cause, Production of Child Pornography in violation of Title 18, United States Code, Section 2251(a).

      **FACTS**:  The facts to which the Defendant agreed as set forth in the plea agreement are as follows:

      Charles Wayne Carmony, date of birth 3/17/65, met a 13-year-old female (CV1) in an Internet chat room called "Teen Chat". During the chats, CV1 indicated she was 14 years of age and Carmony indicated that he was 19 years of age and still attending high school. The chats eventually became sexual in nature.  Carmony routinely requested that CV1 disrobe and simulate sexual acts in front of her web camera and transmit those images to Carmony.  Between August of 2005 and

1

July of 2006, Carmony traveled from Kentucky to San Antonio, TX on multiple occasions in order to engage in sexual intercourse with CV1.

Records from the Econo Lodge located at 6360 N.W. Loop 410 in San Antonio show that the defendant rented hotel rooms on August 15-16, 2005, October 25-28, 2005 and July 20, 2006. CV1 told authorities that Carmony stayed at another hotel in the San Antonio area and had also stayed at her house and the home of a family friend.

On May 27, 2006, a Comal County Deputy Sheriff, patrolling the Nichols Landing recreational area, observed a green Jeep Wrangler and upon running the license plate on the jeep, learned that it did not match the VIN on the registration return which listed to Charles Carmony of Mary Alice, Kentucky. A check on Carmony's license showed that his Kentucky driver's license was suspended.

The deputy identified the driver of the Jeep as Charles Carmony, DOB 3-17-65. Accompanying Carmony was CV1 and CV1's mother. Carmony advised law enforcement that he was a family friend of CV1 and that he had met CV1 and her mother at the mall in San Antonio. Carmony stated he lived in Kentucky and worked construction in Georgia and moved around, living in hotels. He stated he came to San Antonio to "be with" CV1. Carmony was asked if he had ever been arrested and he advised that he had been arrested for "Unlawful Transaction with a Minor" in Kentucky and denied having been arrested for anything else. A criminal history check revealed that Carmony had criminal convictions for 3rd degree Rape, Burglary, and Criminal Intent to Commit Unlawful Transaction with a Minor under 16.

The parents of CV1 reported that their daughter met Carmony online and that when they first met Carmony, he introduced himself to them he stated he was 19 years of age. They further reported

that he had been visiting them in San Antonio for the last couple years and that they let him stay at their residence. When informed by the deputy that Carmony was 41 year of age and a registered sex offender, they became visibly upset.

Carmony was interviewed and stated that he and CV1 were "good friends" and admitted that they had met online. He further admitted to traveling to Texas to "be with" CV1 and that he had told the family that he was 20 years old.

CV1 was interviewed in June 2006. CV1 stated that between June of 2005 and July 2006. Carmony traveled from Kentucky to San Antonio, Texas at least six times and engaged in sexual intercourse and oral sex with CV1. CV1 stated that Carmony engaged in sexual intercourse with her in the hotel rooms, at the Alamo, at Medina Lake and at the home of CV1, in San Antonio, Texas.

CV1 stated that Carmony directed her to produce nude and sexually explicit images and videos of herself and to transmit those images and videos to him via the Internet. CV1 stated that she did transmit nude and sexually explicit images of herself to Carmony's cellular telephone using a cellular telephone that Carmony had purchased for her. CV1 stated that during the trips to San Antonio to engage in sexual intercourse, Carmony would also bring his laptop computer. CV1 stated that there are numerous nude images of her on Carmony's laptop.

CV1 reported that Carmony had given her many gifts such as a Harley Davidson motorcycle, a gold necklace, a gold tennis bracelet, a diamond engagement ring, and two cellular telephones.

On December 18, 2007, FBI executed a search warrant at the Carmony residence in Kentucky and seized a laptop computer. The forensic examination of the laptop computer revealed numerous image and video files depicting child pornography, including image and video files depicting the defendant engaged in genital-genital and oral-genital sexual intercourse with CV1.

**GUIDELINE CALCULATION**:

The 2007 edition of the Guidelines Manual should be used in this case. As such, the base offense level for a violation of 18 U.S.C. 2251(a) is a level 32 according to U.S.S.G. 2G2.1.

Pursuant to 2G2.1(b)(1) a 2 level enhancement should be applied because the offense involved a minor female who was over the age of 12 but had not yet attained the age of 16. In this case the victim was 14 and 15 years of age when the offenses occurred.

Pursuant to 2G2.1(b)(2)(a), a 2 level enhancement should be applied because the offense involved the commission of a sexual act. After soliciting this child online to engage in sexual activity, the defendant traveled from Kentucky to Texas and engaged in various sexual acts with this child on multiple occasions and in multiple locations. These sexual acts included having the victim perform oral sex on the defendant's penis, the defendant performing oral sex on the victim, and the defendant vaginally penetrating the victim with his penis.

Pursuant to 2G2.1(b)(3), a 2 level enhancement should be applied because the offense involved distribution. In this case, on November 14, 2006, the defendant sent images of the victim to another individual during a Google Hello chat session. During that chat session the Defendant sent eleven (11) images to the other individual, two (2) of which were images of the victim's vagina and one(1) image was of the defendant vaginally penetrating the victim with his penis. During the chat session the defendant discloses that he has been having sex with the victim for over one year and that she is only fourteen (14) years old. Next to the image of the defendant engaged in sexual intercourse with the child, the defendant wrote "me f***ing her".

In addition to the child pornography that the defendant distributed involving the victim in this

case, the defendant was also using a peer to peer file sharing program called Limewire to collect and share child pornography. FBI agents located the program on his computer. The "shared" folder of this program contained numerous images and movie files depicting child pornography and bestiality. The way Limewire works is that files that are put into a "shared" folder are made available on the internet to others using the same software. Other individuals can search for child pornography and download anything from the defendant's "shared" folder, which in this case contained child pornography and bestiality.

      The defendant's assertion that the enhancement for distribution requires the participation of a third party is incorrect. Nevertheless, this case involves exactly that - the defendant sending images of himself sexually assaulting the victim, to others. Therefore, the 2 level enhancement should be applied in this case.

      Pursuant to 2G2.1(b)(4), a 4 level enhancement should be applied because the offense involved material that portrays sadistic or masochistic conduct. In this case, the defendant pierced the juvenile victim's vagina with a metal ring. After piercing her vagina, the defendant engaged in sexual intercourse with her. After the defendant pierced her vagina with a metal ring he took pictures of it. He also took pictures of himself sexually penetrating her vagina with his penis. The defendant then sent those images to others. The Google Hello chat logs were found on the defendant's computer. They reveal that on November 14, 2006, the defendant sent numerous images to another individual, including images of the juvenile victim in this case. The defendant bragged that she was only fourteen (14) years old and that he had numerous images of her because he has been f***ing her for a year. The defendant sent the image of juvenile victim showing the ring piercing that the defendant used to pierce her vagina, and sent an image of the defendant vaginally

penetrating the child with his penis that he labeled "me f***ing her".

During the same chat session the defendant specifically requests images involving urination. Many of the images he received during that chat session include images depicting young girls being urinated upon their faces, into their mouths, and onto their chests. The request of images that specifically degrade these young females is sadistic.

The enhancement for material that portrays sadistic or masochistic conduct should be applied in this case because the defendant delighted in piercing the vagina of a minor child; he then documented that cruelty by producing an image of his handiwork; he then distributed that image to others while bragging about engaging in sexual intercourse with this child in an attempt to acquire envy or admiration from others who have to find sexual gratification in such deviant behavior. For all of those reasons, this four level enhancement should be applied in this case.

Pursuant to 2G2.1(b)(5), a 2 level enhancement should be applied because the minor was in the custody, care or supervisory control of the defendant. When the defendant took the victim to a hotel, to the lake and to other places in which they engaged in sexual activity, she was in his custody, care and supervisory control of the defendant. The application notes in the commentary of the U.S.S.G. provide guidance in that "(b)(5) is intended to have broad application and includes offenses involving a minor entrusted to the defendant, whether temporarily or permanently." Although the parents of CV1 believed him to be 19 and 20 years old during the time of the offense, when in reality he was 40 years old, the minor victim was not even old enough to drive a vehicle. Given the intent to apply this subsection very broadly, and given the facts of this case, including that the defendant took this child to different locations and was left alone with her due in part to his adult status, the enhancement is applicable and 2 levels should be applied to the base offense level.

Pursuant to 2G2.1(b)(6), a 2 level enhancement should be applied because the offense involved the knowing misrepresentation of the defendant's identity to entice a minor to engage in sexually explicit conduct **and** because the offense involved the use of a computer to entice, persuade, induce and otherwise solicit participation by the minor female in this conduct. The defendant lied about his age when he convinced CV1 that he was only 19 years old and still attending high school in order to make himself attractive to CV1. Moreover, the defendant used a computer to induce this child to engage in all sorts of sexual conduct. Clearly this enhancement is applicable in this case under either theory.

Given the applicable enhancements, the overall guideline range in this case is as follows:

| | | |
|---|---|---|
| 2251(a) Base Offense Level | 32 | 2G2.1(a) |
| Involved a minor between 12 and 16 | +2 | 2G2.1(b)(1) |
| Commission of a sex act | +2 | 2G2.1(b)(2) |
| Offense involved distribution | +2 | 2G2.1(b)(3) |
| Offense involved sadistic / masochistic material | +4 | 2G2.1(b)(4) |
| Victim was in custody, care or control of D | +2 | 2G2.1(b)(5) |
| Use of a computer to solicit participation | +2 | 2G2.1(b)(6) |
| | **46** | |
| | | |
| Acceptance of responsibility | -3 | |
| **Adjusted Offense Level** | **43** | |

**CRIMINAL HISTORY**

The defendant's criminal history category is set forth in the Pre Sentence Report as a II. The government feels that a category II significantly under represents the defendant's criminal history. For example, in addition to the variety of offenses involving forgery, failure to produce his insurance card and not having a valid license, the defendant was convicted of serious felonies. In 1988, the defendant entered the home of an individual, along with others, and was convicted of Burglary 2nd

Degree. No guideline points apply to that conviction. In 1990, the defendant committed the crime of Rape when he picked up a fourteen year old female, drove her to a lake, retrieved a shotgun from the cab of the truck, and forced her to engage in sexual intercourse with him. No guideline points apply to that conviction.

In 1998, the defendant became obsessed with a fifteen year old child and made several obscene telephone calls to her. The defendant then attempted to establish a rendevous with the victim. He was convicted of attempted unlawful transaction with a minor. That conviction received only one guideline point.

A significant portion of the defendant's life has been spent preying on young girls. That is extremely indicative and shows a very clear pattern of behavior that the defendant is not likely to abandon. Given the age of the victim in the instant case, as well as the ages of the victims of his previous sexual offenses, the conclusion can be drawn that the defendant is a preferential sex offender. The lack of any real punishment for any of his previous crimes has most likely fueled his criminal behavior.

The government believes the defendant's criminal history category of II is significantly under represented. However, the government acknowledges that even with a criminal history category of II, and an offense level of 43, the advisory guideline range is life imprisonment, which is the appropriate sentence for the defendant in this case.

**CONCLUSION**

Charles Wayne Carmony is a sexual predator. He has spent almost half of his life preying on teenaged girls. Despite having a family, including two young children to care for and protect, this defendant spent all of his time engaged in the sexual enticement and abuse of young girls - either

soliciting children online to engage in sexual activity, or traveling across the country in order to engage in illegal sexual activity. He neglected his children in order to pursue the sexual abuse and exploitation of young girls. His sexual abuse of young girls has been violent in nature and has scarred his victims, both physically and mentally. In the instant case, the victim will suffer the consequences of the defendant's sexual abuse for a very long time.

The government believes that based upon all the facts and circumstances in this case, the applicable sentencing guidelines, and all of the factors set forth in § 3553 (a), a sentence of life imprisonment is the only fair and reasonable sentence and respectfully requests that this Court impose such a sentence in this case.

Dated: December 12, 2008　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　JOHNNY K. SUTTON
　　　　　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　　　　　　/s/ *Tracy T. Braun*

　　　　　　　　　　　　　　　　　　　　　　　BY: TRACY T. BRAUN
　　　　　　　　　　　　　　　　　　　　　　　Assistant U.S. Attorney


## CERTIFICATE OF SERVICE

I, David Counts, hereby certify that on the **12th day of December, 2008**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Mr. Clark Adams, Attorney for Defendant.

　　　　　　　　　　　　　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　　　　　　TRACY T. BRAUN
　　　　　　　　　　　　　　　　　　　　　　　Assistant U.S. Attorney